IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1998 SESSION



FILED

January 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9712-CC-00533 |
| | ) | |
| v. | ) | Anderson County |
| | ) | |
| | ) | Honorable Lee Asbury, Judge |
| GEORGE RUDOLF (RUDY) HOLLOWAY, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

Katherine J. Kroeger
Assistant Public Defender
101 South Main Street, Suite 450
Clinton, TN 37716

J. Thomas Marshall, Jr.
District Public Defender
101 South Main Street, Suite 450
Clinton, TN 37716

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Clinton J. Morgan
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

James N. Ramsey
District Attorney General
127 Anderson County Courthouse
Clinton, TN 37716

Janice G. Hicks
Assistant District Attorney General
127 Anderson County Courthouse
Clinton, TN 37716

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

## O P I N I O N

The appellant, George Rudolf Holloway, referred herein as the defendant, appeals as of right from the judgment of the Anderson County Criminal Court denying probation. The defendant was convicted of two counts of sale of cocaine, a Class C felony. The defendant entered two pleas of guilty and agreed to three-year concurrent sentences and a $2,000 fine for each count. The defendant requested a probation hearing. At the conclusion of the sentencing hearing, the trial court denied the defendant an alternative sentence and ordered the defendant to confinement in the Department of Correction.

The defendant presents two issues for our review: (1) Whether the trial court failed to consider relevant sentencing principles and thus the standard of review for denial of probation is **de novo** with no presumption of correctness; and (2) the trial court abused its discretion by failing to sentence the defendant in accordance with the Criminal Sentencing Reform Act of 1989.

After a review of the entire record, briefs of the parties, and appropriate law, we affirm the trial court's judgment.

### HISTORICAL BACKGROUND

The Anderson County Grand Jury indicted the defendant in two counts for the two separate sales of cocaine less than one-half gram on February 14, 1996. On June 18, 1997, the defendant entered two guilty pleas to the sale of cocaine and requested a sentencing hearing to determine the merits of an alternative sentence, more specifically intensive probation. The defendant sought probation at the sentencing hearing.

Wade Adcock, state probation officer, testified he prepared a presentence report on the defendant after a personal interview. As part of the defendant's personal history, Adcock found a lengthy prior criminal record. Between May, 1988 and July, 1997, the defendant had eleven convictions for public intoxication. On September 15, 1995, the

2

defendant was convicted of the possession of a counterfeit controlled substance and was placed on probation. The defendant's other prior convictions include: three convictions for driving on a revoked license, three convictions for criminal trespass, one conviction for vandalism, two convictions for driving under the influence of intoxicants, one conviction for theft less than $500, and one conviction for reckless driving. At the time of the hearing, the defendant had sentencing for a theft offense and a hearing for revocation of probation pending in Anderson County. In Knox County, the defendant had pending offenses of driving under the influence of an intoxicant and driving on a revoked license.

Adcock testified the defendant's employment was sporadic and described the defendant as a self-employed "shade tree mechanic." Although the defendant reported he lived with his parents, Adcock could not verify this information with the defendant's mother.

As part of the defendant's history, Adcock determined the defendant served in the U.S. Marine Corp from 1971 to 1976, but was dishonorably discharged due to drug charges and a sexual assault case. The defendant received alcohol/drug counseling in West Virginia in 1985, but rehabilitation was unsuccessful based on his current record. The defendant admitted to using cocaine a week prior to the interview with Adcock. Adcock did not believe the defendant could successfully complete a drug/alcohol treatment program. When the defendant committed the instant offenses, he was on probation stemming from a conviction for possession of a counterfeit controlled substance. Adcock testified Anderson County has an intensive supervised probation program.

David H. Beams, Oak Ridge Police Chief, testified he has known the defendant since 1970. Chief Beams was quite familiar with the defendant's arrest history. Chief Beams testified the Scarboro community in Oak Ridge, where the defendant frequented for drug purchases, is recognized as a regional location where crack cocaine can be readily bought. Chief Beams opposed probation for the defendant.

The defendant, age 43 at the time of sentencing, testified he has a long history of drug and alcohol problems. The defendant attempted an alcohol treatment program in 1985. The defendant testified he would live with his parents if granted probation. As to the offenses, the defendant testified "I did it out of need, not for money. I wouldn't sell it; I was strictly a street user." Regarding his employment, the defendant desired to open a shop for mechanic work. The defendant testified he was committed to getting drug treatment and following the rules of probation. In enlarging on the offenses, the defendant testified he did not sell the crack cocaine, but was trying to get some cocaine for himself. The defendant admitted to making this type of sale on a frequent basis to support his drug habit. The defendant testified he was living with this girlfriend and was confused about informing his probation officer of his address.

Based on this testimony and the presentence report, the trial court denied probation or any alternative relief.

### SENTENCING CONSIDERATIONS

The defendant requests this Court to conduct a **de novo** review without the presumption of correctness because he contends the trial court failed to consider relevant sentencing principles and abused its discretion in failing to sentence the defendant in accord with the Criminal Sentencing Reform Act of 1989.

Appellate review of sentencing is **de novo** on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. §§ 40-35-401(d) and -402(d). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means if the trial court follows the statutory sentencing procedure, makes findings of fact which are adequately supported in the record, and gives due consideration and proper application of the factors and principles which are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. *State v. Fletcher,* 805

4

S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a **de novo** review, we must consider: (1) the evidence, if any, received at the guilty plea and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct; (5) any mitigating or statutory enhancement factors; (6) any statement that the defendant made on his own behalf; and (7) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-102, -103, and -210; *see Ashby,* 823 S.W.2d at 168; *State v. Moss,* 727 S.W.2d 229 (Tenn. 1986).

Since the defendant entered pleas of guilty to the sale of cocaine on two occasions, a Class C felony, he is presumed to be a favorable candidate for alternative sentencing, in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). When a defendant is entitled to the statutory presumption of alternative sentencing, then the state has the burden of overcoming the presumption with evidence to the contrary. Conversely, the defendant has the burden of establishing suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing. Tenn. Code Ann. § 40-35-303(b)(1994 Supp.); *State v. Bingham,* 910 S.W.2d 448, 455 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1995). Unfortunately, the record on appeal does not include the guilty plea hearing at which the convicting evidence was presented by stipulation or testimony. A guilty plea hearing often provides an important occasion for the state to present its proof and, thus, it is the equivalent of a trial and should be made part of the record on appeal in order to comply with Tenn. Code Ann. § 40-35-210.

In reviewing the evidence in the record of the sentencing hearing and the trial court's ruling denying alternative relief, we find the trial court did comply with the overall sentencing principles required by the Criminal Sentencing Reform Act of 1989. Tenn.

Code Ann. § 40-35-210. Therefore, we conduct our review on the basis the trial court's ruling was presumptively correct.

We agree with the defendant that to receive probation, he must demonstrate that probation will serve the ends of justice and the best interests of both the public and the defendant. Also, as part of his argument, the defendant complains the trial court failed to consider the principle regarding rehabilitation and treatment required by Tenn. Code Ann. § 40-35-103(5). Due to his age, the defendant is not eligible for "boot camp" and thus his alcohol/drug problems are appropriate for treatment in an intensive probation program.

In denying full probation and any alternative relief, the trial court ruled:

> In the opinion of the Court, this defendant does not qualify for any of the relief programs available, such as intensive or regular probation, or community alternatives. I would cite the following reasons for making that ruling. Starting a good many years ago, he's been dishonorably discharged by the U.S. Marine Corp, which does not speak well for him. He has a lengthy previous record, which extends over a long period of time. He has public drunkenness offenses that were committed during the pendency of this matter. The Court is certainly not satisfied that he has shown here this morning any adequate living or employment arrangement.
>
> It's pretty obvious that previous suspensions of sentences and probations have not been successful, as he was, in fact, on a suspended sentence status when this particular event occurred; and further, that the officer who prepared a rather thorough report, strongly recommends against probation. For all those reasons, probation and/or any other type of alternative sentencing will be denied.

Based on this record, we fully concur with the trial court's denial of probation or any alternative relief. Since 1988, the defendant has developed a long history of convictions (twenty-three in all) ranging from public intoxication, theft, driving offenses, vandalism, and drug sales to support his drug addiction. Other than alcohol counseling in 1985, the defendant has done nothing to remedy his abuse of alcohol and drugs. The presentence report reveals the defendant was placed on probation for his convictions of DUI, driving on a revoked license, and theft. At the time of the sentencing hearing, the defendant had four pending proceedings in two counties. One of the pending cases was a revocation of

6

probation during which probationary status the defendant sold cocaine on February 14, 1996.

Although the vast majority of the defendant's convictions are misdemeanors, we believe the trial court was correct in continuously confining the defendant. Sentences involving confinement should be based on the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; and
>
> * * *
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).

We find the defendant's lengthy criminal conduct and unsuccessful periods of probation fully justify confinement.

The trial court's judgment is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

7

CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE